**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO**

MATTHEW DICKSON, on behalf of        :        Case No. 5:18-cv-182
himself and others similarly situated,        :
                                              :
        Plaintiff,                            :
                                              :        **JURY DEMANDED**
v.                                            :
                                              :
DIRECT ENERGY, LP,                            :
                                              :
        Defendant.                            :

**CLASS ACTION COMPLAINT**

**Preliminary Statement**

1.        Plaintiff Matthew Dickson ("Plaintiff") brings this action to enforce the

consumer-privacy provisions of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §

227, a federal statute enacted in 1991 in response to widespread public outrage about the

proliferation of intrusive, nuisance telemarketing practices.  *See Mims v. Arrow Fin. Servs., LLC,*

132 S. Ct. 740, 745 (2012).

2.        In violation of the TCPA, Direct Energy, LP ("Direct Energy") placed

prerecorded telemarketing calls to Plaintiff's cellular telephone number.  Plaintiff never

consented to receive these calls, and they were placed to him for telemarketing purposes in an

attempt to generate new business for Direct Energy.

3.        Because telemarketing campaigns generally place calls to hundreds of thousands

or even millions of potential customers *en masse*, Plaintiff brings this action on behalf of a

proposed nationwide class of other persons who received illegal telemarketing calls from or on

behalf of Defendant.

**Parties**

4.        Plaintiff Matthew Dickson is a resident of the state of Ohio and this District.

5.        Defendant Direct Energy is headquartered in Houston, Texas.  Defendant Direct Energy is engaged in substantial and not isolated business activities in the State of Ohio and the United States, including, but not limited to, making telemarketing calls into Ohio, and then entering into contractual relationships and servicing the relationships with new customers that result from those telemarketing calls.

**Jurisdiction & Venue**

6.        The Court has federal question jurisdiction over these TCPA claims.  *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

7.        Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiff is a resident of this district and he received the illegal telemarketing calls that are the subject of this putative class action lawsuit in this district.

**TCPA Background**

8.        In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing … can be an intrusive invasion of privacy [.]"  Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

9.        The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service."  *See* 47 U.S.C. § 227(b)(1)(A)(iii).  The

2

TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A).  *See* 47 U.S.C. § 227(b)(3).

10.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

11.     The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 F.C.C. Rcd. 14014, 14115 ¶ 165 (2003).

12.     In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer:  (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

## Factual Allegations

13.     Defendant Direct Energy is a provider of energy services.

14.     To generate new clients, Direct Energy relies on telemarketing.

15.     One of the telemarketing strategies used by Defendant involves the use of prerecorded messages to solicit potential customers.

Calls to Mr. Dickson

16.     Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

17.     Plaintiff is the user of a cellular telephone number (440) 409-XXXX.

18.     The Defendant placed multiple prerecorded message calls to Plaintiff's cellular telephone number in 2017, including on September 19, November 3, December 1 and 21.

19.     The prerecorded message claimed that the Plaintiff should call a telephone number back regarding their energy services.

20.     A call back to this telephone number has resulted in representatives identifying themselves as being "with Direct Energy."

21.     The November 3, 2017 prerecorded message explicitly stated that the caller was "Nancy Brown with Direct Energy."

22.     Plaintiff was not interested in changing energy providers, has never done business with the Defendant, and had not provided his written consent to receive the calls.

23.     In fact, prior to this lawsuit, the Plaintiff wrote to Direct Energy on November 13, 2017 asking for any evidence of their consent to call him, which he asserted did not exist.

24.     Not only did Direct Energy fail to provide any evidence of consent, or even respond, they placed two more calls to the Plaintiff after his letter was sent, as detailed above.

4

25.     Plaintiff and the other call recipients were harmed by these calls.  They were

temporarily deprived of legitimate use of their phones because the phone line was tied up, they

were charged for the calls, and their privacy was improperly invaded.

26.     Moreover, these calls injured Plaintiff because they were frustrating, obnoxious,

annoying, were a nuisance, and disturbed the solitude of Plaintiff and the proposed classes.

**Class Action Allegations**

27.     As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings

this action on behalf of a class of all other persons or entities similarly situated throughout the

United States.

28.     The class of persons Plaintiff proposes to represent is tentatively defined as:

All persons within the United States: (a) to whom Defendant and/or a third party
acting on its behalf, made one or more non-emergency telephone calls; (b)
promoting Defendant's products or services; (c) to their cellular telephone
number; (d) using an automatic telephone dialing system or an artificial or
prerecorded voice; and (e) at any time in the period that begins four years before
the date of filing this Complaint to trial.

29.     Excluded from the class are Defendant, and any entities in which Defendant has a

controlling interest, Defendant's agents and employees, any judge to whom this action is

assigned, and any member of such judge's staff and immediate family.

30.     The class as defined above is identifiable through phone records and phone

number databases.

31.     The potential class members number at least in the thousands, since automated

telemarketing campaigns make calls to hundreds or thousands of individuals a day.  Individual

joinder of these persons is impracticable.

32.     Plaintiff is a member of the proposed class.

5

33.     There are questions of law and fact common to Plaintiff and to the proposed class, including but not limited to the following:

a.   Whether Defendant violated the TCPA by using a prerecorded message to call cellular telephones;

b.   Whether Defendant placed calls without obtaining the recipients' prior consent for the calls; and

c.   Whether the Plaintiff and the class members are entitled to statutory damages because of Defendant's actions.

34.     Plaintiff's claims are typical of the claims of class members.  Plaintiff's claims, like the claims of the class, arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

35.     Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the class, he will fairly and adequately protect the interests of the class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

36.     Common questions of law and fact predominate over questions affecting only individual class members.  The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

37.     Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated.  Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for

6

small claimants, and deters illegal activities.  There will be no significant difficulty in the management of this case as a class action.

38.     The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

39.     Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## Legal Claims

### Count One:
### Violation of the TCPA's Automated Calling Provisions

40.     Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

41.     The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiff and members of the class using a prerecorded message.

42.     As a result of Defendant's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the class presumptively are entitled to an award of $500 in damages for each and every call made to their cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

43.     Plaintiff and members of the class are also entitled to and do seek injunctive relief prohibiting Defendant from violating the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to any cellular telephone numbers using a prerecorded voice in the future.

44.     Defendant's violations were negligent and/or knowing.

## Relief Sought

For himself and all class members, Plaintiff requests the following relief:

7

A.      Certification of the proposed class;

B.      Appointment of Plaintiff as representative of the class;

C.      Appointment of the undersigned counsel as counsel for the class;

D.      A declaration that Defendant and/or its affiliates, agents, and/or other related

entities' actions complained of herein violate the TCPA;

E.      An order enjoining Defendant and/or its affiliates, agents, and/or other related

entities, as provided by law, from engaging in the unlawful conduct set forth herein;

F.      An award to Plaintiff and the class of damages, as allowed by law;

G.      Leave to amend this Complaint to conform to the evidence presented at trial; and

H.      Orders granting such other and further relief as the Court deems necessary, just,

and proper.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

PLAINTIFF,
By his attorneys

*/s/ Brian K. Murphy*
Brian K. Murphy (0070654)
Jonathan P. Misny (0090673)
Murray Murphy Moul + Basil LLP
1114 Dublin Road
Columbus, OH  43215
(614) 488-0400
(614) 488-0401 facsimile
murphy@mmmb.com
misny@mmmb.com

Edward A. Broderick
Anthony I. Paronich
Broderick & Paronich, P.C.
99 High St., Suite 304
Boston, MA 02110
(508) 221-1510
anthony@broderick-law.com
ted@broderick-law.com
*Subject to Pro Hac Vice*

Matthew P. McCue
The Law Office of Matthew P. McCue
1 South Avenue, Suite 3
Natick, Massachusetts 01760
(508) 655-1415
mmccue@massattorneys.net
*Subject to Pro Hac Vice*

Samuel J. Strauss
Turke & Strauss LLP
936 N. 34th Street, Suite 300
Seattle, WA 98103
(608) 237-1774
sam@turkestrauss.com
*Subject to Pro Hac Vice*

9