UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MATTHEW DICKSON, | ) | CASE NO. 5:18CV182 |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE |
| v. | ) | GEORGE J. LIMBERT |
| | ) | |
| DIRECT ENERGY, LP, et al., | ) | |
| | ) | ORDER |
| Defendants. | ) | |

This matter is before the Court on a discovery dispute matter for which counsel for both Matthew Dickson ("Plaintiff") and Defendant Direct Energy, LP ("Direct Energy") submitted letter briefs. ECF Dkt. #s 89, 90. This case centers around the use of Ringless Voicemails ("RVMs") for telemarketing purposes. ECF Dkt. #90. Defendant Total Marketing Concepts, Inc. ("TMC"), through its own vendor, used RVMs to contact Plaintiff in an attempt to generate new business for Direct Energy. *Id.*; ECF Dkt. #1. Plaintiff alleges that the Defendants in this case violated the Telephone Consumer Protection Act ("TCPA"), 42 U.S.C. § 227. Plaintiff seeks to bring this action on behalf of a class, but it has not yet sought to certify the class. *See* ECF Dkt. #1. For the following reasons, the Court DENIES Plaintiff's first request for production and GRANTS Plaintiff's second request for production.

**I.     REQUEST FOR PRODUCTION NO. 1**

The first discovery dispute concerns Plaintiff's request for correspondence between Direct Energy and TMC. Specifically, Plaintiff requests "[a]ll contracts and correspondence between [Direct Energy] and TMC over the course of the putative class period." ECF Dkt. #89. Direct Energy agreed to produce correspondence limited to the "outbound telemarketing campaign at issue." *Id.*

-1-

The parties also agreed to limit the scope of the correspondence by using search terms and by limiting it to the communications between two key Direct Energy employees and TMC from March to December 2017, which was prior to and following the earliest and latest discussions regarding the relevant RVM campaign. ECF Dkt. #s 89, 90.

Direct Energy has represented to Plaintiff that it is withholding approximately half of the responsive emails on the basis that they relate to other campaigns besides the particular RVM campaign that affected Plaintiff. ECF Dkt. #89, 90. Plaintiff "believes it is necessary to explore the full extent of the relationship between Direct Energy and TMC and [to] conduct an agency analysis on that relationship." ECF Dkt. #89. Plaintiff contends that the burden of producing the remaining documents is not unreasonable and that "it is proportionate given that this is a national class action lawsuit." *Id.* Defendant, on the other hand, emphasized that subject matter of the correspondence should be determinative, stating that "[c]ommunications relating to other non-RVM matters are irrelevant and therefore not discoverable." ECF Dkt. #90.

The Federal Rules of Civil Procedure address the scope of discovery as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Until the class action is certified, the Court will not treat the current case as a class action, but will keep in consideration the future possibility of class certification. Direct Energy has produced discovery relating to the RVM campaign, which directly affected Plaintiff, as well as

communications between two key Direct Energy employees and TMC during the relevant time period that involve the RVM campaign. ECF Dkt. #s 89, 90. The Court finds that such discovery Defendant already produced is relevant and proportional to the needs of the case, whereas Plaintiff's first request for production is overly broad.

Plaintiff also seeks further discovery to explore a possible agency relationship, but the Court finds that any agency that exists between Direct Energy and TMC is only relevant to the extent of the RVM campaign that is currently at issue and that affected Plaintiff. Plaintiff indicates that other communications and campaigns could be relevant if TMC and Direct Energy knew their campaigns were in violation of the TCPA and decided to continue their relationship and further campaigns, including the RVM campaign. ECF Dkt. #89. Essentially, Plaintiff uses the same reasoning as for its second request for production, which is to prove the alleged violations were made "willfully or knowingly." *Id.* For the reasons already stated and given that the Court will grant Plaintiff's second production request, for the reasons below, the Court will decline to grant Plaintiff's first request for production.

## II. REQUEST FOR PRODUCTION NO. 2

The second discovery dispute concerns Plaintiff's request for litigation-related documents. Specifically, Plaintiff requests "[a]ll documents relating to legal demand letters, informal complaints, formal lawsuits, and all government enforcement actions or investigations sent to [Direct Energy], or to any individual or entity retained by [Direct Energy], in [any] way relating to allegations of unlawful telemarketing." ECF Dkt. #89. Plaintiff contends that Plaintiff may be entitled to treble damages if Plaintiff can show that the alleged violations were made "willfully or knowingly" and, therefore, the requested documents are relevant. ECF Dkt. #89 (citing 47 U.S.C.

§ 227(b)(3)). Direct Energy characterized this discovery request as an "unchecked expedition" and overly broad. ECF Dkt. #90.

This Court finds that Plaintiff's second production request is not overly broad because it is limited only to items "relating to allegations of unlawful telemarketing." Such items are relevant to show whether or not Direct Energy, or the other Defendants in the instant case, had knowledge about past alleged violations of the TCPA. If such documents exist, they are relevant to show an element of "willfully or knowingly" pursuant to the TCPA, 47 U.S.C. § 227(b)(3). Accordingly, the Court grants Plaintiff's second production request.

### III. SUMMARY

For the reasons stated above, the Court DENIES Plaintiff's first Request for Production and GRANTS Plaintiff's second Request for Production. ECF Dkt. #s 89, 90. The Court ORDERS the Defendant to pay to cost of its production.

IT IS SO ORDERED.


Date: September 23, 2019                  /s/ George J. Limbert
                                         GEORGE J. LIMBERT
                                         UNITED STATES MAGISTRATE JUDGE