IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| MATTHEW DICKSON, on behalf of himself and others similarly situated, § § § § Plaintiff, § v. § C.A. NO. 5:18-cv-182 § DIRECT ENERGY, LP, TOTAL § MARKETING CONCEPTS, LLC, and § SILVERMAN ENTERPRISES, LLC, § § Defendants. § | |

**DEFENDANT DIRECT ENERGY'S RESPONSE IN OPPOSITION TO PLAINTIFF'S RULE 5.1 NOTICE OF CONSTITUTIONAL QUESTION**

Plaintiff Matthew Dickson's Notice of Constitutional Question Pursuant to Rule 5.1, Dkt. 127, is improper and without merit. The Notice is based on Mr. Dickson's contention that Direct Energy's Rule 12(b)(1) Motion to Dismiss, Dkt. 126, "challenged the constitutionality of" the TCPA's robocall restriction, but that is simply false. In truth, the constitutionality of the robocall restriction, 47 U.S.C. § 227(b)(1)(A)(iii), was squarely presented and decided by the Supreme Court in *Barr v. American Association of Political Consultants* ("*AAPC*"):

> **The initial First Amendment question** is whether the robocall restriction, with the government-debt exception, is content-based. **The answer is yes**.

140 S. Ct. 2335, 2346 (2020) (emphases added); *see id.* at 2347 ("In short, the robocall restriction with the government-debt exception is content-based.").

As Direct Energy's Motion explained, the defendants in the two cases where a district court has ruled on motions just like Direct Energy's offered to file Rule 5.1 notices if necessary—and neither court took them up on that offer. *See* Dkt. 126 (Mot.) at n. 8; *see also Lidenbaum v. Realgy, LLC*, --- F. Supp. 3d ---, 2020 WL 6361915 at *1 (N.D. Ohio Oct. 29, 2020) ("In *AAPC*, the

1

Supreme Court held that [the robocall restriction] violated the Constitution[.]"); *Creasy v. Charter Commc'ns, Inc.*, --- F. Supp. 3d ---, 2020 WL 5761117 at *6 (E.D. La. Sept. 28, 2020) ("[T]he Supreme Court struck [the robocall restriction] down as an unconstitutional content-based restriction on speech[.]"). And, neither Chief Judge Gaugahn nor the *Creasy* court certified a constitutional question pursuant to 28 U.S.C. § 2403(a). The reason is obvious. Those defendants' motions to dismiss—just like Direct Energy's motion here—did not "draw[] into question the constitutionality of a federal or state statute" as required to trigger Rule 5.1's or Section 2403(a)'s notice and certification requirements. *See* Fed. R. Civ. P. 5.1(a); *see also* 28 U.S.C. § 2403(a). Thus, those provisions are simply inapplicable under the circumstances.

Indeed, notice and certification in this case cannot possibly advance Rule 5.1's or Section 2403(a)'s intended purpose to give the Attorney General "a chance to intervene to defend the constitutionality of a statute before the Court declares it unconstitutional." *Langer v. 1148 Broadway Associates, LLC*, 2020 WL 5846463, at *6 (C.D. Cal. Aug. 6, 2020) (denying plaintiff's request to certify a constitutional question where the court would "have no moment to rule on the constitutionality" of the relevant statute); Fed. R. Civ. P. 5.1 Advisory Committee Notes ("The notice of constitutional question will ensure that the attorney general is notified of constitutional challenges and has an opportunity to exercise the statutory right to intervene at the earliest possible point in the litigation."). The Attorney General was a party to *AAPC*, so he already had a full opportunity to defend the robocall restriction before the Supreme Court declared it unconstitutional. *See AAPC*, 140 S. Ct. at 2335. The Attorney General's intervention in this case is therefore neither appropriate nor necessary. *See* 28 U.S.C. § 2403(a) (intervention of the United States should be permitted only where, unlike here, a federal statute's constitutionality "is drawn into question").

As such, the Court should join *Realgy* and *Creasy* in correctly declining to invoke Rule 5.1 in this case. *AAPC* resolved the only relevant constitutional question and no other constitutional question remains to be decided. Direct Energy's Motion to Dismiss should be briefed, considered, and decided without delay.

DATE: November 20, 2020    MCDOWELL HETHERINGTON LLP

By: */s/ Michael D. Matthews, Jr.*
Michael D. Matthews, Jr.*
Texas Bar No. 24051009
William B. Thomas*
Texas Bar No. 24083965
David L. Villarreal*
Texas Bar No. 24095434
1001 Fannin Street, Suite 2700
Houston, Texas 77002
T:  (713) 337-5580
F:  (713) 337-8850
matt.matthews@mhllp.com
william.thomas@mhllp.com
david.villarreal@mhllp.com

Ashley L. Oliker (0085628)
FROST BROWN TODD LLC
10 W. Broad Street, Suite 2300
Columbus, Ohio 43215
T: (614) 559-7227
F: (614) 464 1737
aoliker@fbtlaw.com

*Admitted Pro Hac Vice

*Counsel for Direct Energy, LP*

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on the 20th day of November 2020 via CM/ECF on all counsel of record.

*/s/ Michael D. Matthews, Jr.*
Michael D. Matthews, Jr

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(f), I hereby certify this case has been assigned to the complex track, Dkt. 32 at 2, and that the foregoing memorandum adheres to the page limitations set forth in Local Rule 7.1(f).

                                                */s/ Michael D. Matthews, Jr.*
                                                Michael D. Matthews, Jr