IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| MATTHEW DICKSON, on behalf of himself and others similarly situated, § § § | |
| Plaintiff, § | |
| v. § | C.A. NO. 5:18-cv-182 |
| § | |
| DIRECT ENERGY, LP, TOTAL MARKETING CONCEPTS, LLC, and SILVERMAN ENTERPRISES, LLC § § § § | |
| Defendants. § | |

## DIRECT ENERGY'S MOTION FOR LEAVE TO FILE SURREPLY IN FURTHER OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Direct Energy respectfully requests that the Court allow it to file a 3-page surreply to address new evidence and arguments raised in Plaintiff's class certification reply (Dkt. 116).

In support of his 30-page class certification motion (Dkt. 107), Plaintiff filed a 20-page reply (Dkt. 116) with new evidence and new arguments that were not in the opening motion. "[W]here the moving party submits in a reply brief new reasons and evidence in support of its motion," as here, the Court should "allow the nonmoving party an opportunity to respond." *See Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 481–82 (6th Cir. 2003); *Filtrexx Intern., LLC v. Truelsen*, 5:12CV58, 2013 WL 587582, at *1 (N.D. Ohio Feb. 13, 2013) ("Because the [moving party] make[s] new arguments . . . in [his] reply brief . . . the Court finds good cause for the [non-moving party] to file its surreply.").[1] Because Plaintiff inserts new theories and evidence through his reply, Direct Energy requests leave to file the surreply attached here as Exhibit A.

---

[1] *See also Di Donato v. Insys Therapeutics, Inc.*, 333 F.R.D. 427, 434 (D. Ariz. 2019) ("Where new evidence is presented in a reply brief, the district court should not consider the new evidence without giving the non-movant an opportunity to respond."); *Converse v. Vizio, Inc.*, C17-5897 BHS, 2019 WL 3322383, at *1 (W.D. Wash. July 23, 2019) ("[I]t is improper to submit new evidence with a reply without allowing the opposing party an opportunity to respond to that evidence."); *Castillo v. Bank of Am. Nat'l Ass'n*, SACV170580DOCKESX, 2019 WL 3818954, at *11 (C.D. Cal. July 16, 2019) ("[The Court] may decline to consider new evidence or arguments raised in reply, and generally 'should not consider the new evidence without giving the non-movant an opportunity to

Direct Energy should also be permitted to file a surreply to correct the most problematic misstatements in Plaintiff's reply.[2] Some of Plaintiff's misstatements are obvious. For example, the claim that Direct Energy acknowledged TMC "had not obtained consent for the millions of RVMs from anyone," Reply at 2, was preemptively denied in Footnote 2 of Direct Energy's opposition brief and is contradicted by multiple pages of the brief discussing consent evidence that ***does*** exist. Opp. at 2 n.2, 4-5, 29-31. Likewise, Plaintiff's continued references to Silverman, JDI, and Magnify as "Direct Energy's vendors" willfully ignore the sworn testimony cited in the Opposition that Direct Energy did not approve Silverman as an opt-in lead provider until March 2018, *after* the RVM campaign was terminated in November 2017, and "did not learn of JDI's or Magnify's existence until after suit was filed." Moran Aff., Dkt 111-1 ¶¶ 10-11, 14. But Plaintiff's misrepresentations about Direct Energy's expert Jan Kostyun are more egregious because they could mislead the Court if it does not refer to his report. For example, Plaintiff's reply falsely states that Mr. Kostyun believes "2.396 million class members received RVM prerecorded telemarketing calls promoting Direct Energy's good or services." Direct Energy's

---

respond.'"); *Eldridge v. Cardif Life Ins. Co.*, 266 F.R.D. 173, 175 (N.D. Ohio 2010) ("This Court grants leave to file a sur-reply to afford a party an opportunity to address new issues raised for the first time in the reply.").

[2] *See NCMIC Ins. Co. v. Smith*, 375 F. Supp. 3d 831, 836 (S.D. Ohio 2019) ("Good cause for a sur-reply also exists where a party seeks to 'clarify misstatements' contained in the reply brief."); *Hall v. Lexington Ins. Co.*, 1:08 CV 1826, 2009 WL 10688711, at *2 (N.D. Ohio Sept. 23, 2009) ("Lexington objects to this Surreply, maintaining that it was not warranted since it had not raised any new assertions in its Reply. The court, however, grants Plaintiff's Motion for Leave, as Plaintiff seeks to bring to the court's attention an alleged misstatement in Defendant's Reply."); *Ruth v. Unifund CCR Partners*, 5:08CV2689, 2009 WL 585847, at *2 (N.D. Ohio Mar. 6, 2009), aff'd, 604 F.3d 908 (6th Cir. 2010) ("Plaintiff subsequently filed a motion for leave to submit a surreply to address certain 'misrepresentations' allegedly contained in Defendants' reply briefs. . . . This exchange was helpful to the Court in deciding the issues raised by the motions to dismiss[.]"); *see also Cedar Farm, Harrison County, Inc. v. Louisville Gas & Elec. Co.*, 1:07CV1230DFHJMS, 2010 WL 1268051, at *2 (S.D. Ind. Mar. 26, 2010) ("LG & E's motion for leave to file a surreply…is granted. The tendered surreply was necessary to correct misstatements by Cedar Farm about the nature of its claims (as pled in the original complaint) and the history of this case in this court. The tendered surreply shall be deemed filed."); *Weinstein v. Islamic Republic of Iran*, 624 F. Supp. 2d 272, 273 n.1 (E.D.N.Y. 2009), aff'd, 609 F.3d 43 (2d Cir. 2010) ("[P]laintiffs seek leave to submit a one-page surreply, purportedly to correct a misstatement in Bank Melli's reply papers. The request is granted.").

surreply corrects this misstatement and highlights Mr. Kostyun's actual opinion that the JDI/Magnify records do not reliably report the receipt of RVMs.

For these reasons, Direct Energy respectfully requests that the Court enter the proposed order and direct the Clerk to enter the document attached as Exhibit A to this motion as Direct Energy's surreply in further opposition to Plaintiff's motion for class certification.

On July 13, 2020, counsel for Direct Energy conferred with counsel for Plaintiff, who is opposed to Direct Energy's motion for leave to file a surreply.

DATE: December 14, 2021      MCDOWELL HETHERINGTON LLP

By: */s/ Michael D. Matthews, Jr.*
    Michael D. Matthews, Jr.*
    Texas Bar No. 24051009
    William B. Thomas*
    Texas Bar No. 24083965
    David L. Villarreal*
    Texas Bar No. 24095434
    1001 Fannin Street, Suite 2700
    Houston, Texas 77002
    T: (713) 337-5580
    F: (713) 337-8850
    matt.matthews@mhllp.com
    william.thomas@mhllp.com
    david.villarreal@mhllp.com

    Ashley L. Oliker (0085628)
    FROST BROWN TODD LLC
    10 W. Broad Street, Suite 2300
    Columbus, Ohio 43215
    T: (614) 559-7227
    F: (614) 464 1737
    aoliker@fbtlaw.com

    *Admitted Pro Hac Vice

*Counsel for Direct Energy, LP*

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the foregoing has been served on the 14th day of December, 2021 via CM/ECF on all counsel of record.

              */s/ William B. Thomas*
              William B. Thomas
              Attorney for Direct Energy, LP