# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| MATTHEW DICKSON, on behalf of himself and others similarly situated, | § § § |
| Plaintiff, | § § |
| v. | §  C.A. NO. 5:18-cv-182 |
| DIRECT ENERGY, LP, TOTAL MARKETING CONCEPTS, LLC, and SILVERMAN ENTERPRISES, LLC | § § § § § |
| Defendants. | § |

**DIRECT ENERGY'S SURREPLY IN FURTHER
OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

**I.  The reply misstates Direct Energy's expert's opinions and Plaintiff's testimony.**

Plaintiff's reply falsely states that Direct Energy's expert Jan Kostyun believes "2.396 million class members received RVM prerecorded telemarketing calls promoting Direct Energy's good or services" and "agree[s] that millions of class members received RVM prerecorded telemarketing calls promoting Direct Energy." *Id.* Those statements are not true. In fact, Mr. Kostyun's report says the opposite. Mr. Kostyun challenges "the validity of the whole data set" of JDI/Magnify records on which Plaintiff relies, stating that they do not reliably report receipt of RVMs:

> And based on my review, including the declaration of JDI/Magnify's representative John Walker, there is no way to confirm whether JDI/Magnify's reporting of a successful delivery (indicated by JDI/Magnify in the records with a status of "OK") to a cellular number is correct. Put simply, we know for certain that some of the JDI/Magnify reporting is false and cannot confirm that any portion of it is true beyond the RVMs Mr. Dickson testified that he did receive.

Kostyun Report, Dkt. 111-14 ¶ 18.

Mr. Kostyun's report also rebuts the new argument in Plaintiff's reply that if the Court doubts Ms. Verkhovskaya's purported methodology, "Plaintiff could issue subpoenas to

telephone carriers" to identify class members. Reply at 5. Mr. Kostyun's report explains the numerous reasons why subpoenaing carrier records cannot provide reliable class-wide data, including that historic carrier data is substantially incomplete and unreliable. Kostyun Report ¶¶ 138-150; *see also Morgan v. Adventist Health Sys./Sunbelt, Inc.*, 618CV1342ORL78DCI, 2020 WL 1674307, at *3 (M.D. Fla. Jan. 15, 2020) ("Defendants have presented evidence that using databases and carrier records does not always yield accurate subscriber information."); *Jacobs v. Quicken Loans, Inc.*, 15-81386-CIV, 2017 WL 4838567, at *3 (S.D. Fla. Oct. 19, 2017). Plaintiff's cited case law to support this new theory is also distinguishable, as those cases included information to "confirm" not "identify" class members. *See Rikos v. Procter & Gamble Co.*, 799 F.3d 497, 526 (6th Cir. 2015) (relying on "customer membership cards or records of online sales" that made up "more than half" of the putative class that "provide[d] the names and shipping addresses" of class members, physician records, and store receipts to identify the class and only relying on affidavits to "supplement these methods"); *Grant v. Regal Auto. Grp., Inc.*, Case No. 8:19-cv-363, Dkt. 140, slip op. at 2 (M.D. Fla. May 27, 2020) (relying on "the existence of documents . . . that adequately identify 'every single individual that was sent a' ringless voicemail" and only relying on subpoenas to verify these records); *Moser v. Health Ins. Innovations, Inc.*, 17-CV-1127-WQH-KSC, 2019 WL 3719889, at *12 (S.D. Cal. Aug. 7, 2019) ("Plaintiff asserts that class membership can be determined by cross-referencing the outbound and live-transfer phone logs . . . with data that . . . employees have entered into HII's online interface to generate insurance quotes.").

    The reply also mischaracterizes Plaintiff's testimony about the RVM he received by suggesting that, during his deposition, he simply forgot about an August 2017 RVM. *See* Reply at 6 ("That he did not recall the specifics of this particular call at his deposition is of no

consequence."). But counsel's argument is no substitute for evidence. Plaintiff's sworn, unchanged testimony is that he received only one RVM that mentioned Direct Energy, that he did not delete any RVMs he received (beginning in July 2017 before the second alleged RVM in August 2017), and that he forwarded every RVM he received to his attorneys within "a couple of days" of receiving them. Dickson Dep. Dkt. 111-23 37:4-23, 34:6-24, 43:12-44:3, 99:6-17, 109:25-110:11. Plaintiff did not produce an errata sheet or affidavit to change or supplement this sworn testimony. The evidence that Plaintiff received only one RVM about Direct Energy undermines the reliability of the JDI/Magnify records and Plaintiff's standing, adequacy, and typicality.

## II. Plaintiff's new evidence about TrustedForm Certificates is inaccurate.

Plaintiff's reply submits new evidence, including certain records from Active Prospect, in an attempt to suggest that Active Prospect did not, in fact, delete the TrustedForm Certificates Direct Energy paid TMC to maintain. First, Active Prospect's subpoena response was clear that it deleted its TrustedForm Certificates because TMC had not paid it *since 2018*. *See* Active Prospect Response, Dkt. 111-19, at 1 (responding that request for Certificates was "[n]ot applicable" because TMC's account was deleted due to nonpayment). And Plaintiff is wrong to suggest that its new evidence demonstrates that Direct Energy could, if so chose, produce those consents. Reply at 14-17. Counsel for Direct Energy tried to do just that. But Active Prospect instead confirmed in writing that it meant exactly what its response to Plaintiff's subpoena said: it deleted the TrustedForms and they are not recoverable. Ex. 1-A, Active Prospect Email.

## Conclusion

For these reasons and those discussed in its Opposition, Direct Energy respectfully requests that Plaintiff's motion for class certification be denied in full.

DATE: December 14, 2021               MCDOWELL HETHERINGTON LLP

By: */s/ Michael D. Matthews, Jr.*
Michael D. Matthews, Jr.*
Texas Bar No. 24051009
William B. Thomas*
Texas Bar No. 24083965
David L. Villarreal*
Texas Bar No. 24095434
1001 Fannin Street, Suite 2700
Houston, Texas 77002
T:  (713) 337-5580
F:  (713) 337-8850
matt.matthews@mhllp.com
william.thomas@mhllp.com
david.villarreal@mhllp.com

Ashley L. Oliker (0085628)
FROST BROWN TODD LLC
10 W. Broad Street, Suite 2300
Columbus, Ohio 43215
T: (614) 559-7227
F: (614) 464 1737
aoliker@fbtlaw.com

*Admitted Pro Hac Vice

*Counsel for Direct Energy, LP*


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on the 14th day of December, 2021 via CM/ECF on all counsel of record.

*/s/ William B. Thomas*
William B. Thomas

4