# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **BRITTANY BURK, on behalf of herself and all others similarly situated,** | **Case No. 4:19-cv-663** |
| *Plaintiff,* | **JOINT STATEMENT REGARDING DISCOVERY PLAN** |
| **v.** | |
| **DIRECT ENERGY, LP,** | |
| *Defendant.* | |

## JOINT DISCOVERY PLAN

In advance of the conference set for June 11, 2020, Plaintiff Brittany Burk and Defendant Direct Energy, LP submit the following Joint Discovery Plan pursuant to this Court's Order, Dkt. 56.

**Plaintiff's Statement of the Case:**

This action under the Telephone Consumer Protection Act ("TCPA") arises from Ms. Burk's allegations that Direct Energy caused prerecorded and automated telephone calls to be placed to her and proposed class members' cellular telephones without their prior express consent. Dkt. 1. Under the TCPA, Direct Energy is liable for all the calls at issue because Direct Energy's agents, including Total Marketing Concepts ("TMC"), placed the calls pursuant to standard contracts with Direct Energy.

**Direct Energy's Statement of the Case**:

Direct Energy denies the allegations. Direct Energy did not place the calls and texts to Ms. Burk or other putative class members. Rather, Direct Energy contracted with Total Marketing Concepts ("TMC"), an independent contractor, to conduct the telemarketing campaign at issue.

Dkt. 24. Direct Energy has identified two TMC vendors, Britebox, LLC and Teledrip, LLC that

were responsible for generating the leads, including Ms. Burk's and other class members'

telephone numbers (Britebox), and placing calls and texts to Ms. Burk and other class members

(Teledrip). Direct Energy has no contractual relationship with either Britebox or Teledrip, and both

were unknown to Direct Energy prior to this litigation. If TMC and/or its vendors were placing

calls/text without the recipient's prior express written consent—as Plaintiff alleges—then TMC

was operating outside of any permitted authority. As such, Direct Energy has asserted third-party

claims against TMC.

**Outstanding Discovery Tasks**

 The parties have exchanged written discovery and issued third-party subpoenas. Below is

a status summary of completed and anticipated discovery. The Parties will update these tables for

the Court's review as discovery progresses if new issues arise.

| Written Discovery | | |
|---|---|---|
| **Party/Non-party** | **Description of Outstanding Issues** | **Status** |
| Direct Energy (Defendant) | Direct Energy is in the process of reviewing emails collected from its employee Brian Flom, the Direct Energy Texas telemarketing vendor manager, for responsiveness, relevance, and privilege. Mr. Flom's emails with families total 25,722 documents and were collected using search terms provided to Ms. Burk's counsel. | Direct Energy maintains it is on track to achieve substantial completion of its review and production of Brian Flom's emails by July 10. |
| | Direct Energy's counsel collected the email accounts of key TMC custodians from TMC's offices in January 2020 after filing a motion for preliminary injunction. *See* Dkt. 33. The accounts contained millions of emails. Direct Energy used search terms provided to Plaintiff to identify 41,809 potentially | Direct Energy maintains it is on track to achieve substantial completion of its review and production of emails collected from TMC custodians by July 10. |

| | responsive and relevant emails (with families). Such records include communications with TMC regarding Direct Energy telemarketing campaigns, communications with and opt-ins provided by Britebox, and communications and call logs with Teledrip. Direct Energy is in the process of reviewing these emails in anticipation of production. | |
| --- | --- | --- |
| | Plaintiff maintains that Direct Energy must also search for and produce any dialer manuals; policies, procedures, and training; complaints, records, and/or investigations regarding calling Practices; and emails, communications, and other documents referencing TMC, Teledrip, and/or Britebox in its possession. | The parties will meet and confer about RFPs raised by Plaintiff and submit any unresolved issues to the Court by next week. |
| Ms. Burk (Plaintiff) | Ms. Burk's cell phone text and call history between December 1, 2018 and February 28, 2019 [RFP 4]<br><br>Copies of bills and/or contracts with Ms. Burk's cell phone provider [RFP 6 & 7]<br><br>Ms. Burk's browser histories for December 2018 for all devices. [RFP 9] | The parties will meet and confer about RFPs raised by Direct Energy and submit any unresolved issues to the Court by next week. |
| TMC (Third-Party Defendant) | As noted above, Direct Energy collected the email accounts of certain TMC custodians in January 2020. Because of TMC's privilege concerns, TMC's agreement to this collection was conditioned upon Direct Energy directing its IT vendor to identify and extract all emails that included any TMC | Direct Energy's vendor is sending the potentially privileged emails to TMC. TMC has not yet provided a privilege log. Direct Energy maintains it is on track to achieve substantial completion of its review and production of emails collected from TMC custodians by July 10. |

| | | |
|---|---|---|
| | lawyer's email address. Direct Energy agreed to do so, provided that TMC then reviewed the potentially privileged emails and provided a privilege log. | |
| Britebox (Third-Party) | Direct Energy issued a subpoena to Britebox, and Plaintiff issued two subpoenas to Britebox.<br><br>Ms. Burk seeks lead generation information, policies and procedures, agreements, statements of work, and other communications with Direct Energy, TMC, and/or Teledrip | Britebox produced 73 pages to Plaintiff and Direct Energy. Counsel for Britebox advised Plaintiff's counsel it produced all responsive documents in its possession in response to Plaintiff's first subpoena and that Plaintiff should obtain the additional requested documents from TMC. |
| Teledrip (Third-Party) | Both parties issued subpoenas to Teledrip.<br><br>Teledrip provided relevant calling records to Direct Energy. Direct Energy is cross-referencing those calling records against a list of Britebox opt-ins in an attempt to identify the calls potentially at issue and will produce a those records of Teledrip call/texts to Britebox leads.<br><br>Plaintiff also seeks dialer manual, policies and procedures, agreements, statements of work, and other communications with Direct Energy, TMC, and/or Britebox. Direct Energy is not in possession of any such documents. | Direct Energy maintains it is on track to achieve substantial completion of its review and production of the call records by July 10.<br><br>Teledrip represented to Plaintiff that it did not have any documents in its possession that were responsive to Plaintiff's first subpoena. Teledrip has not, however, responded or objected to Plaintiff's second subpoena, which had an April 30, 2020, compliance date. |
| Tyson Chavarie (former TMC employee) | Direct Energy intends to issue a subpoena duces tecum to Mr. Chavarie in advance of his deposition. | |

Upon substantial completion of document production on July 10, 2020, the parties anticipate taking the depositions listed below. Additional discovery, however, may require revisions to this list.

| Depositions: | | |
|---|---|---|
| Deponent | Scheduled Date | Status |
| Direct Energy 30(b)(6) | TBD | |
| Plaintiff Brittany Burk | TBD | |
| Britebox 30(b)(6) | TBD | |
| Teledrip 30(b)(6) | TBD | |
| TMC 30(b)(6) | TBD | |
| Tyson Chavarie | TBD | |
| Plaintiff Expert | TBD | |
| Direct Energy Expert | TBD | |

As a result, the Parties have agreed to move the "internal" deadlines set in this case pursuant to the Court's guidance. The Parties have agreed on the following schedule:

| | |
|---|---|
| Defendant will make all reasonable efforts to substantially Complete its Production of Discovery from Third Parties TMC, TeleDrip, and/or BriteBox by this date | July 10, 2020 |
| ADR Deadline | September 1, 2020 |
| Plaintiff's Expert Reports and Expert Witness List | September 15, 2020 |
| Plaintiff's Motion for Class Certification | September 15, 2020 |
| Defendant's Response to Motion for Class Certification | October 13, 2020 |
| Plaintiff's Reply in Support of Motion for Class Certification | October 20, 2020 |
| Defendant's Expert Reports and Expert Witness List | October 6, 2020 |
| Hearing on Class Certification | October 30, 2020 |
| Discovery Cut-off | November 1, 2020 |
| Motions Deadline | November 1, 2020 |

| Joint Pretrial Order (Defendant to provide final version to Plaintiff) | November 17, 2020 |
|---|---|
| Joint Pretrial Order (Plaintiff to file with Court) | November 20, 2020 |
| Trial | December 2020 or January 2021 |

Dated:  June 10, 2020                    By:  */s/ Daniel M. Hutchinson*

**LIEFF CABRASER, HEIMANN & BERNSTEIN**
Daniel M. Hutchinson (*pro hac vice*)
dhutchinson@lchb.com
Nimish R. Desai (Texas Bar No. 24105238)
(Southern District of Texas Bar No. 3370303)
ndesai@lchb.com
Evan J. Ballan (*pro hac vice*)
eballan@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

**LIEFF CABRASER, HEIMANN & BERNSTEIN**
Jonathan D. Selbin (*pro hac vice*)
jselbin@lchb.com
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: (212) 355-9500
Facsimile: (212) 355-959

1999420.3

**MASON LIETZ & KLINGER, LLP**
Gary M. Klinger  (*pro hac vice*)
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606
Telephone: (312) 283-3814
E-mail:  gklinger@masonllp.com

*Attorneys for Plaintiff and the Proposed Class and Subclass*

Dated:  June 10, 2020                    By:  */s/ William B. Thomas*

**MCDOWELL HETHERINGTON LLP**
Michael D. Matthews, Jr.
Texas Bar No. 24051009
Matt.Matthews@mhllp.com
William B. Thomas
Texas Bar No. 24083965
William.Thomas@mhllp.com
1001 Fannin Street, Suite 2700
Houston, Texas 77002
Telephone:  (713) 337-5580
Facsimile:  (713) 337-8850

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was duly served upon all Counsel of record via electronic service, in accordance with the Federal Rules of Civil Procedure, on June 10, 2020. In addition, a true and correct copy was served upon Third-Party Defendant Total Marketing Concepts via U.S. mail addressed to its registered agent.

*/s/ Gary M. Klinger*
Counsel for Plaintiff