IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| MATTHEW DICKSON, on behalf of himself and others similarly situated, § § § § | |
| Plaintiff, § | |
| v. § | C.A. NO. 5:18-cv-182 |
| § | |
| DIRECT ENERGY, LP, TOTAL MARKETING CONCEPTS, LLC, and SILVERMAN ENTERPRISES, LLC, § § § § § | |
| Defendants. § | |

**DEFENDANT DIRECT ENERGY'S NOTICE OF SUPPLEMENTAL AUTHORITY
IN OPPOSITION TO CLASS CERTIFICATION**

The Sixth Circuit recently held for the first time that when "expert testimony is material to a class certification motion, the district court must demonstrate the expert's credibility under *Daubert*" in its Rule 23 analysis. *In re Nissan N. Am., Inc. Litig.*, 122 F.4th 239, 253 (6th Cir. 2024) (attached as Exhibit 1). That new requirement unquestionably applies in this case. The testimony of Anya Verkhovskaya (Mr. Dickson's purported expert) is material to class certification because it is the only evidence Mr. Dickson relies on for Rule 23's ascertainability and numerosity requirements. Thus, the Court must assess the admissibility of Verkhovskaya's opinions in connection with Mr. Dickson's Motion for Class Certification (Dkt. 138). But because the parties have not yet briefed that issue, Direct Energy will promptly file a motion to exclude her testimony under *Daubert* and Rule 702 if its Objections to the Summary Judgment Report and Recommendation (Dkt. 176) are overruled and class certification is reached.

It is true that Direct Energy's briefs in opposition to class certification have challenged Verkhovskaya's ability to identify class members for purposes of numerosity and ascertainability. *See* Dkt. 111, Class Opp. 11-16; Dkt. 136, Suppl. Class Opp. 10-11; Dkt. 142, Reply in Support of Suppl. Class Opp. 1-5; Dkt. 157, Second Suppl. Class Opp. 1-2; Dkt. 169, Notice of Supp.

Authority 1-3. Now, however, the Sixth Circuit has held that Verkhovskaya's proposed testimony must also be assessed for admissibility under *Daubert* and Rule 702 to be considered in the Rule 23 analysis at all. *See In re Nissan*, 122 F.4th at 253 ("Class certification requires . . . plaintiffs to provide 'evidentiary proof' that they meet the elements of Rule 23," so proponents of class certification must as a threshold issue show that expert testimony satisfies *Daubert*.) (quoting *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013)). Direct Energy's motion to strike would therefore address why Verkhovskaya is not qualified and why her testimony is not reliable or relevant under the *Daubert* framework. *See id.* ("Careful qualification of experts ensures that expert evidence 'both rests on a reliable foundation and is relevant to the task at hand.'" (quoting *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993)). As Direct Energy can show, Verkhovskaya's proposed "testimony is insufficiently reliable to satisfy *Daubert*," so "it cannot prove that the Rule 23(a) prerequisites have been met in fact through acceptable evidentiary proof." *Id.* (citation and quotation marks omitted).

The Court previously indicated during an April 25, 2024 hearing that Direct Energy's Motion for Summary Judgment was a threshold issue to resolve in order to determine whether Plaintiff's Motion for Class Certification need be reached. Thus, Direct Energy respectfully submits that the most efficient path forward for the parties and the Court would be to brief its motion to exclude Verkhovskaya's proposed testimony only if its Objections to the Summary Judgment Report and Recommendation are overruled—and, of course, Direct Energy maintains they should be sustained. But should the Court prefer that a motion to exclude be briefed sooner, Direct Energy can prepare and file its motion in short order.

Direct Energy appreciates the Court's attention to the new controlling authority in *Nissan* and its significance in potentially resolving Mr. Dickson's Motion for Class Certification.

DATE: February 7, 2025               MCDOWELL HETHERINGTON LLP

                                                    By: */s/ Michael D. Matthews, Jr.*
                                                          Michael D. Matthews, Jr.*
                                                          Texas Bar No. 24051009
                                                          Diane S. Wizig*
                                                          Texas Bar No. 24106594
                                                          William B. Thomas*
                                                          Texas Bar 24083965
                                                          David L. Villarreal*
                                                          Texas Bar No. 24095434
                                                          1001 Fannin Street, Suite 2400
                                                          Houston, Texas 77002
                                                          T: (713) 337-5580
                                                          F: (713) 337-8850
                                                          matt.matthews@mhllp.com
                                                          diane.wizig@mhllp.com
                                                          william.thomas@mhllp.com
                                                          david.villarreal@mhllp.com

                                                          *Admitted Pro Hac Vice*

                                                          Frank S. Carson (0089575)
                                                          FROST BROWN TODD LLC
                                                          10 W. Broad Street, Suite 2300
                                                          Columbus, Ohio 43215
                                                          T: (614) 559-7227
                                                          F: (614) 464 1737
                                                          fcarson@fbtlaw.com

                                                          ***Counsel for Direct Energy, LP***

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing was served via CM/ECF on all counsel of record on the 7th day of February, 2025.

                                                           */s/ Michael D. Matthews, Jr.*
                                                           Michael D. Matthews, Jr.