# EXHIBIT 1-H

| | |
|---|---|
| **From:** | "Moran, John" <John.Moran@directenergy.com> |
| **Sent:** | 8/16/2017 2:01:54 PM +0000 |
| **To:** | Larry Correia <larry@thetmcteam.com> |
| **Subject:** | Fwd: Fwd: Update on RVM Attorney Client Communication |
| **Attachments:** | Mahoney v. Nissan_Plaintiff's Response to MSJ MTD and material facts.pdf; ATT00001.htm |

Sent from my iPhone

Begin forwarded message:

> **From:** "Schotz, David" <David.Schotz@directenergy.com>
> **To:** "Moran, John" <John.Moran@directenergy.com>
> **Subject: FW: Update on RVM  Attorney Client Communication**
>
> Please read and review in detail.  I would like to get your thoughts on these recent findings.
>
> Did we have time scheduled tomorrow?
>
> Best Regards,
> Dave
>
> ---
>
> **From:** Reyes, Alma
> **Sent:** Tuesday, August 15, 2017 4:03 PM
> **To:** Schotz, David; Chen, Jeffrey
> **Subject:** RE: Update on RVM Attorney Client Communication
>
> **Attorney Client Privileged Communication**
>
> Dave,
>
> Our outside counsel did not find anything in either NH or IL.  She did say that the State AGs of NY, MA and KY filed comments in opposition to the ringless voicemail technology with the FCC in early June 2017. In their filing they stated that robocalls are the number one source of complaints to the FCC, with an estimated 2.4 billion robocalls per month in 2016.  The AGs requested that the FCC protect consumers from unwanted "ringless" robocalls.
>
> Our outside counsel did find a recent case regarding ringless voicemail that had been filed in Florida and settled.
>
> **A nationwide class action was filed in the Southern District of Florida in January 2017 by Tom Mahoney on behalf of himself and the class (plaintiff) against a Nissan dealer TT of Pine Ridge, Inc. (defendant) who**

CONFIDENTIAL   Direct Energy 009085

was using ringless voicemail, where All About the Message was the defendant's marketing consultant using Stratics Networks' technology to place the calls at issue.  In June, a motion for preliminary approval of a class settlement was filed.  There are **380,000 putative class members**.  The settlement is for **$5.7 million** and further includes injunctive relief: "Defendant agrees to an injunction prohibiting future violations of the TCPA, specifically agrees to stop using "drop voicemail" technology to leave pre-recorded messages in people's voicemail inboxes without consent, unless such technology is deemed not to violate the TCPA by the Federal Communications Commission, the United States Supreme Court, or the United States Court of Appeals for the Eleventh Circuit (where Florida is located).

As per our outside counsel, this class action lawsuit serves as a good indicator of the potential exposure from use of ringless voicemail.  When the complaint was filed, the plaintiff did not realize that this was a "ringless voicemail" situation.  One of the dangers of using this technology is that class action plaintiffs' lawyers will not necessarily realize that it was a ringless call, they will just hear the voicemails and think it is a violation of TCPA as no consent was provided for the "call."  Then you have to count on the assumption that they will dismiss once they realize it is ringless voicemail message, but that may not happen if a plaintiff's lawyer feels that ringless is still subject to the TCPA (which they undoubtedly will).  A lawsuit could be filed by a plaintiff or class of plaintiffs and the lawsuit would either have to be defended or settled at a cost to the defendant.

The Mahoney case was litigated all the way to summary judgment on the ringless voicemail issue, including engagement of technology experts, but the case was ultimately settled for a multi-million dollar amount that works out to either a $15 credit voucher good for one year at the Nissan dealership defendant or $5 cash to each class action plaintiff.

Further, Stratics Networks, the company whose technology the defendant used to send the ringless voicemails, specifically warned the defendant and its marketing consultant not to send messages to anyone who did not consent to their receipt. I have attached the plaintiff's response to the defendant's motion for summary judgment where the language <u>requiring consent from the person receiving the call was included as a condition of use of Stratics Networks' technology</u> (see page 2).
**If your proposed teleservices vendor is not using its own technology to send the ringless voicemail, but using another vendor's technology, then you would need to know whether or not that technology vendor has similar language requiring consent as a condition for use of its technology.  If your teleservices vendor plans on using Stratics Networks, then we know Stratics requires consent as a condition of use of its technology per the Florida lawsuit.  FYI-the outside counsel letter from Allen, Mitchell and Allen we got from vendor Turn Key**

**Solutions dated April 11, 2017 specifically referenced Stratics Networks as the technology provider for ringless voicemail that they intended on using.**

As ringless voicemail is used by more companies thinking the technology is a gray area to which the TCPA does not apply, we may see more lawsuits like the one in Florida, which may not be resolved until there is a ruling by the FCC, a Circuit Court of Appeals, or the Supreme Court, with a determination one way or the other that the TCPA applies/doesn't apply to ringless voicemail.  If the TCPA applies, then consent is required.

My recommendation continues to be that we only use ringless voicemail for potential customers who have provided consent to receive calls.


**From:** Schotz, David
**Sent:** Tuesday, August 15, 2017 11:28 AM
**To:** Reyes, Alma; Chen, Jeffrey
**Subject:** Update on RVM


Good Morning Alma & Jeff,

I just wanted to check in and learn if we identified any other states with pending RVM inquiries?

Based on our conversations last week, we've removed PA from the two states, and will look to pilot in NH and IL.

I'd like to request we schedule a monthly cadence call 30 days from pilot to review performance and learnings.

I'll also look to get Mike's sign off prior to launching.

Best Regards,

**Dave Schotz | Head of TeleSales**
**Direct Energy | North America Home**
Direct 602.489.4317
1401 S. 52nd St. | Tempe, AZ 85281

david.schotz@directenergy.com| www.directenergy.com
<< OLE Object: Picture (Device Independent Bitmap) >>