# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| MATTHEW DICKSON, on behalf of himself and others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>DIRECT ENERGY, LP, TOTAL MARKETING CONCEPTS, LLC, and SILVERMAN ENTERPRISES, LLC<br><br>    Defendants. | § § § § § § § § § § § § §    C.A. NO. 5:18-cv-182 |

### DECLARATION OF MICHAEL D. MATTHEWS, JR., IN SUPPORT OF DIRECT ENERGY'S MOTION FOR DEFAULT JUDGMENT

Michael D. Matthews, Jr., under penalty of perjury, declares as follows:

I am a partner of the law firm McDowell Hetherington LLP (MH) and the lead attorney for Defendant Direct Energy, LP. I submit this Declaration in support of Direct Energy's Motion for Default Judgment.

1. I am over 18 years of age, of sound mind and I am fully capable of making this affidavit. The facts stated in this declaration are within my personal knowledge and are true and correct.

2. I am an attorney licensed to practice in the State of Texas since 2005. I am also licensed to practice in the State of New York as well as numerous federal courts throughout the country including the Second, Fifth, Sixth, and Seventh Circuits; the Northern, Western, Eastern, and Southern Districts of Texas; the Southern and Eastern Districts of New York; the District of Colorado; the Eastern District of Michigan; and the Northern District of Illinois. Nearly 100% of my practice has been devoted to civil litigation, and I have been the lead counsel defending numerous class actions throughout the country including multiple class actions under the Telephone Consumer Protection Act.

1

3. Direct Energy retained MH to represent it in this suit to defend the company against Mr. Dickson's claims and to prosecute crossclaims against defendant Total Marketing Concepts (TMC). As the lead attorney at MH working on this case, I have personal knowledge of the work performed in connection with the case.

4. Plaintiff Matthew Dickson commenced this putative class action on January 24, 2018 by filing his Original Class Action Complaint in the United States District Court for the Northern District of Ohio against Defendant Direct Energy. Dkt. 1. On April 6, 2018, Mr. Dickson filed a First Amended Complaint adding TMC as a Defendant. On July 3, 2018, Mr. Dickson filed a Second Amended Complaint adding Silverman Enterprises, LLC as a Defendant.

5. The parties exchanged written discovery and litigated several discovery disputes. *See, e.g.*, Dkts. 71, 78, 90.

6. On July 24, 2019, the Court permitted TMC's counsel of record to withdraw. No other attorney ever entered an appearance for TMC.

7. On May 7, 2020, Direct Energy filed its First Amended Crossclaim against TMC. Dkt. 106.

8. That same day, Mr. Dickson filed his Motion for Class Certification. Dkt. 107. On June 4, 2020, Direct Energy filed its Response in Opposition. Dkt. 111. Direct Energy later filed several supplemental briefs opposing class certification. Dkts. 136, 157.

9. On October 9, 2020, Direct Energy filed a Motion to Dismiss for lack of standing (Dkt. 123), Plaintiff opposed (Dkt. 125), and Direct Energy filed a Reply in support of the Motion to Dismiss for lack of standing (Dkt. 129).

10. On November 16, 2020, Direct Energy filed a Motion to Dismiss for lack of subject-matter jurisdiction (Dkt. 126). Plaintiff filed a Notice of Constitutional Question in

response (Dkt. 127), which Direct Energy opposed (Dkt. 128).

11. On March 25, 2022, the Court granted Direct Energy's Motion to Dismiss for lack of standing. Dkt. 148. Plaintiff appealed this Court's decision, resulting in briefing and oral argument before the Sixth Circuit.

12. The Sixth Circuit eventually reversed and remanded the decision. *See* Dkt. 151.

13. On May 22, 2024, Direct Energy filed its Motion for Summary Judgment. Dkt. 168. Before responding, Mr. Dickson noticed a deposition of Direct Energy's corporate representative, delaying briefing on the Motion for Summary Judgment, which MH defended. In addition, the parties took the deposition of a TMC witness.

14. On October 4, 2024, the Magistrate Judge entered a Report and Recommendation (R&R) recommending that Direct Energy's Motion for Summary Judgment be denied. Dkt. 175. Direct Energy objected to the R&R, Dkt. 176, and thereafter filed multiple notices of supplemental authority in support of its Objection, Dkts. 182, 184.

15. On December 16, 2025, the Court sustained Direct Energy's objections to the R&R and granted Direct Energy's Motion for Summary Judgment. Dkt. 185.

16. During the course of the litigation, Plaintiff served extensive written discovery requests seeking individual and class discovery documents from Direct Energy and TMC. Direct Energy produced nearly 13,000 pages of documents from its records and over 63,500 pages of documents from TMC's records.

17. Direct Energy incurred $112,446.53 in costs in connection with the litigation. This includes expert fees, local counsel fees, travel, court, and discovery fees. All of these costs were reasonable and necessary for Direct Energy to defend itself against Mr. Dickson's claims.

18. Direct Energy incurred $2,304,049 in attorneys' fees billed by my firm over the

3

past nearly eight years in connection with this case. To date, MH attorneys and paralegals have spent approximately 6,147 hours on this case with rates ranging from $175 per hour to $580 per hour. This amounts to a $375 per hour blended rate and is reasonable for this type of action. This includes the following attorney and paralegal hours:

| **Biller** | **Rate Range** | **Hours Billed** |
|---|---|---|
| Michael D. Matthews, Jr. | $345-$580/hour | 1,268.80 |
| William B. Thomas | $345-$435/hour | 1,060.80 |
| Diane S. Wizig | $355-$580/hour | 423.90 |
| David L. Villarreal | $345-$480/hour | 1,398.90 |
| Miscellaneous Attorneys | $345-$465/hour | 1,624.80 |
| Miscellaneous Paralegals | $175-$240/hour | 369.70 |

19. The attorney and paralegal time on this matter was spent in connection with years of individual and class discovery, briefing on the above-mentioned motions, a fully briefed appeal to the Sixth Circuit, and client and opposing counsel communications.

20. The attorneys' fees and costs incurred were necessary, reasonable, and incurred to defend Direct Energy in this putative class action.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 30, 2025.

                                           /s/ Michael D. Matthews, Jr.
                                           Michael D. Matthews, Jr.