IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| MATTHEW DICKSON, on behalf of himself and others similarly situated,<br><br>    Plaintiff,<br>v.<br><br>DIRECT ENERGY, LP, TOTAL MARKETING CONCEPTS, INC., and SILVERMAN ENTERPRISES, LLC<br><br>    Defendants. | § § § § § § § § § § § § §   C.A. NO. 5:18-cv-182 |

## ORDER GRANTING DEFAULT JUDGMENT

Before the Court is Direct Energy, LP's Motion for Default Judgment on its Crossclaims against Total Marketing Concepts, Inc. Dkt. 187. Having considered the Motion, the supporting declaration and exhibits, the pleadings, the record, and the applicable law, it is hereby ORDERED that the well-pleaded allegations in Direct Energy's Crossclaim show that TMC is liable for fraud, breach of contract, and indemnity for the reasons explained in Direct Energy's Motion. It is further ORDERED that based on the supporting declaration and exhibits, Direct Energy has further shown it is entitled to the following damages against TMC without the need of a hearing:

1. Direct Energy is awarded $527,133.60 for payments made to TMC, as established by sworn declaration and corroborating invoices and payment evidence in the record.

2. Direct Energy is awarded $2,416,495.53 for the reasonable attorneys' fees and costs it incurred defending this action, as established by the sworn declaration and supporting records. These fees and costs are recoverable as damages under Direct Energy's fraud and indemnity claims. They are also recoverable under Section 38.001 of the Texas Civil Practices and Remedies Code because Direct Energy is a prevailing party on its breach of contract claim. Given the lack of opposition, the Court does not intend for this amount to be binding in any future request as having been found reasonable.

3. Direct Energy is awarded prejudgment interest on these damages at a rate of 7% from the date the lawsuit was filed until this default judgment was submitted for a total of $1,122,854.78. Post-judgment interest shall accrue on the total monetary award at the federal rate prescribed by 28 U.S.C. § 1961 from the date this judgment is entered until paid in full.

4. The total monetary award granted by this Order is $4,066,483.91 in addition to post-judgment interest.

It is SO ORDERED.

Signed on this 2nd day of February, 2026.

    /s/ John R. Adams
The Honorable John R. Adams
United States District Judge